[S. F. Nos. 4289, 4290. In Bank.—July 31, 1905.]

F. E. ELLIS et al., Petitioners, v. GEORGE S. WHEAT-LY, City Clerk, etc., Respondent.

ED. R. THOMPSON et al., Petitioners, v. GEORGE S. WHEATLY, City Clerk, etc., Respondent.

PRIMARY ELECTION — TIME OF FILING PARTY PETITIONS — RIGHT TO PLACE UPON ELECTION BALLOTS.—Political parties which were allowed a designation and place upon the official primary ballot at a primary election held under the provisions of section 1372 of the Political Code, and which participated therein and elected their delegates thereto, do not lose their right to have the nominees of their convention placed upon the election ballots because their petitions in due form were filed only twenty-seven days before the primary election instead of the "thirty days" required by that section.

ID.—OBJECTION NOT AVAILABLE.—The objection that a party otherwise entitled to participate in a primary election, and participating therein, should not have been allowed by the proper authorities to do so because of some defect in the request to be allowed so to do is not available to any one.

APPLICATIONS for Writ of Mandate to the City Clerk of the City of Stockton.

The facts are stated in the opinion of the court.

C. H. Fairall, Arthur L. Levinsky, and E. P. Foltz, for Petitioners in Case No. 4289.

Budd & Thompson, J. A. Clark, and J. M. Kile, for Petitioners in Case No. 4290.

Ansell Smith, Goodwin Williams, De Witt Clary, and Thomas Louttit, for Respondent in each case.

ANGELLOTTI, J.—These were applications for writs of mandate to compel the city clerk of the city of Stockton to print upon the official ballot to be used at a municipal election held in said city on May 16, 1905, the names of the various candidates nominated for city officers by the Republican and Democratic parties respectively.

The applications were heard by this court on May 2, 1905, upon demurrers interposed to the petitions, and at the conclusion of the argument orders were made directing the issuance of the peremptory writs as prayed, it being then stated that a written opinion giving the reasons for the decision would be filed.

The city of Stockton is one of the cities of the state where the provisions of the primary law are obligatory and mandatory (Pol. Code, sec. 1372), and no convention can be recognized as in law entitled to make nominations therein unless the delegates thereto are elected under the provisions of such law. (Pol. Code, sec. 1368.)

In this case the delegates of the respective parties making the nominations were in fact elected at a primary election held in all respects as required by the Primary Law,—i. e. an election held under the direction and control of the city council, on the day fixed by law, after notice duly given by said council, which notice contained the names of both the Republican and Democratic parties as parties entitled to nominate candidates to be voted for at the municipal election and entitled to participate in said primary. The ballots provided by the council for said election contained the names of said parties, with directions as to the number of delegates each was entitled to, and appropriate spaces for the insertion of the names of persons to be voted for as such delegates. The re-

turns of said election were regularly canvassed by the city council, and certificates of election issued by that body to the persons who subsequently organized the respective conventions, nominated the candidates, and regularly certified the nominations to the respondent, who received and filed such certificates.

The Republican and Democratic parties were, in fact, entitled to participate in said primary upon complying with the provisions of section 1361 of the Political Code. That section, in effect, requires that the governing committee of the political party entitled to participate must file with the city council "at least thirty days before the date of such primary election" its petition stating its intention to hold a convention, showing in detail the apportionment of delegates, and requesting that a place be given it on the official ballot. The governing bodies represented by petitioners did file with the city council their respective petitions, in due form, in ample time to enable the council to give the proper notice and furnish the proper ballots. The primary election was held on April 4, 1905. The petitions of the respective parties to be allowed to participate therein were filed with the council on March 8, 1905. The resolution of the council calling the election was adopted March 13, 1905, and notice of such election was commenced to be given on March 16, 1905.

The sole objection of respondent to the printing of name.' of the nominees upon the official ballot for the municipal election was, that the petitions to be allowed to participate in the previous primary election were not filed with the council "at least thirty days before the date of such primary election." His contention was, that, owing to the fact that the petitions were filed only twenty-seven days before the primary, the subsequent conventions were mere nullities, and their nominees without any right whatever to places on the official ballot.

We are unable to see any merit whatever in this contention. It may be that, owing to the fact that the petitions were presented after the expiration of the time fixed by law, the city council could not be compelled to grant the request of these parties, and allow them a designation and place upon the official primary ballot. But we are not now concerned with that question, and do not decide it. They were by the

council given their designations and places on the official
ballot, the effect of such action on the part of the council
being that all the delegates to their respective conventions
were, after legal notice of the proposed election, elected in
full accordance with all the requirements of the Primary Law,
which is all that the law required to constitute a legal con-
vention of any political party which at the last election prior
to the primary polled at least three per cent of the entire vote
of the city.  (Pol. Code, secs. 1186, 1368.)  That result hav-
ing been obtained, it is entirely immaterial whether there
were irregularities rather of form than of substance in the
steps preceding the calling and notice of the election.  A sub-
stantial compliance with the provisions of the statute is of
course essential, and where, after due notice and at the proper
time, and at an election held under the control of the proper
legal body, and in conformity to the substantial requirements
of the laws governing such election, the delegates of any party
are elected by the electors of the district, there is such a sub-
stantial compliance as to fully attain every object of the law,
and to render the convention composed of those delegates a
legal convention, entitled to make nominations, and the objec-
tion that a party otherwise entitled to participate in a pri-
mary election, and participating therein, should not have been
allowed by the council to so do, simply because of some defect
in the request to be allowed so to do, is not available to any
one.  Participation in the election, under the circumstances
stated, closes the door as to all such objections, and gives to
the party the absolute right to have the nominees of its con-
vention placed upon the official ballot, provided, of course,
that it complies with the requirements of the Election Law as
to filing certificates of nomination, etc., which is not here dis-
puted.  We find nothing in the Primary Law warranting any
different conclusion.  Regardless of other points made by
petitioners, the foregoing constitutes a sufficient reason for
the granting of the writs which have heretofore been issued
in these proceedings.

Shaw, J., Van Dyke, J., Beatty, C. J., Lorigan, J., and
Henshaw, J., concurred.